## Becker et al. v. Borough of Hamburg et al.

*Dawson H. Muth*, for plaintiffs.

*Theodore G. Confer*, for school board.

*Russell G. Weidner*, for Borough of Hamburg.

Shanaman, J., May 31, 1955.—

### Pleadings and Issues

The pleadings are: (1) Complaint in equity praying for a prohibitory injunction against changing the status, and for a mandatory injunction to reconvey to borough certain real estate; (2) answers denying the illegality of acts complained of, and praying dismissal of the complaint.

The issue is the legality or illegality of Ordinance No. 289 of the Borough of Hamburg, Pa., approved June 7, 1954, and of the deed executed and delivered in accordance therewith by the Borough of Hamburg to the School District of the Borough of Hamburg, dated July 7, 1954, and recorded in the office of the Recorder of Deeds in Berks County in deed book no. 1165, page 121.

### Findings of Fact

1. Plaintiffs are resident taxpayers of the Borough of Hamburg, Berks County, Pa.

2. Defendant, Borough of Hamburg, is a municipal corporation under the laws of the Commonwealth of Pennsylvania.

Defendant, Irwin J. Moyer, is the present Chief Burgess of the Borough of Hamburg.

Defendants, Paul H. Heffner, Jacob L. Balthaser, Luke D. Seaman, Raymond C. Berger, Edward F. Madeira, are the present borough councilmen of the Borough of Hamburg, John E. Rightmyer having resigned as councilman on September 7, 1954.

Defendant, the School District of the Borough of Hamburg, is a municipal corporation under the laws of the Commonwealth of Pennsylvania.

Defendants, Arthur A. Cope, Ralph E. Schlenker, Benjamin S. Wagner, Norman L. Kessler and Arlan H. Moyer, are the present school directors of the School District of the Borough of Hamburg.

3. The Borough of Hamburg on June 7, 1954, adopted and approved ordinance no. 289 which reads as follows:

"Ordinance No. 289

"An Ordinance of the Borough of Hamburg, Berks County, Pennsylvania, Transferring Real Estate Located on Third Street in the Borough of Hamburg to the School District of the Borough of Hamburg.

"Whereas, the Borough of Hamburg on November 12, 1946 obtained the hereinafter described real estate for a nominal consideration; and

"Whereas, the said premises are no longer required to the use of the Borough of Hamburg for Borough purposes; and

"Whereas, the said premises adjoin premises owned by the School District of the Borough of Hamburg, which has requested the Borough of Hamburg to transfer the said premises to it; and

"Whereas, the Borough of Hamburg agrees to transfer the said premises to the School District of the

Borough of Hamburg for One Dollar ($1.00) and in further consideration of the advantage which will inure to the citizens of the Borough of Hamburg by making it unnecessary for the immediate construction of additional school facilities.

"Now, therefore, be it enacted and ordained by the Borough Council of the Borough of Hamburg, and it is hereby enacted and ordained by authority of the same;

"Section 1. That in consideration of the premises hereinbefore set forth, it is ordained that the Borough of Hamburg transfer to the School District of the Borough of Hamburg:

"All that certain lot or piece of ground with the buildings thereon erected, situate, lying and being in the Borough of Hamburg, County of Berks and State of Pennsylvania, bounded and described as follows, to wit:

"Beginning at White Oak Street, now called Third Street; thence along lot now or late of J. A. Bausher and Solon D. Bausher Eastwardly one hundred and eighty (180) feet to Apple Tree Alley; thence along the same Northwardly fifty-five (55) feet to property of the Hamburg School District; thence along the same Westwardly one hundred and eighty (180) feet to White Oak Street, now called Third Street; thence along the same Southwardly fifty-five (55) feet to the place of Beginning.

"Containing in front on White Oak Street, now Third Street, fifty-five (55) feet and of equal width a depth of one hundred and eighty (180) feet.

"Being the same premises which The Hamburg Athletic and Military Association, a corporation chartered by Decree of the Court of Common Pleas of Berks County, Pennsylvania, on the sixth day of April, 1903, by its deed dated November 12, 1946 and recorded in the Office of the Recorder of Deeds in and

for the County of Berks at Reading, Pennsylvania in Deed Book Vol. 969, page 46, granted and conveyed unto The Borough of Hamburg, a municipal corporation, as by reference thereunto had will more fully and at large appear.

"Section 2. That the President, Secretary and Burgess be and are hereby authorized to execute a deed and any other papers required to transfer the said premises to the School District of the Borough of Hamburg.

"Section 3. That Alma Shollenberger be and is hereby constituted and appointed to be Attorney, for the Borough of Hamburg for it and in its name, and as and for its corporate act and deed to acknowledge the deed conveying the said premises to the School District of the Borough of Hamburg.

"Section 4. That any ordinance or part of ordinance conflicting with the provisions of this ordinance be and the same is hereby repealed in so far as the same affects this ordinance.

"Enacted and ordained this 7th day of June, 1954.

Raymond E. Casper,

President of Council

"Attest:

Alma Shollenberger

Secretary

"Approved as an Ordinance this 7th day of June, 1954.

Irwin J. Moyer,

Burgess."

4. The deed given in accordance with this ordinance was executed and delivered without asking or advertising for bids.

5. Pursuant to the aforesaid ordinance no. 289, the Borough of Hamburg delivered a deed dated July 7, 1954, for the hereinbefore described premises to the School District of the Borough of Hamburg, which

deed has been recorded in the office for the recording of deeds in and for Berks County, Pa., in Deed Book Volume No. 1165, page 121.

6. The true value of the premises is no less than $5,000.

7. Immediately prior to the transfer of the premises to the School District of the Borough of Hamburg, the Borough of Hamburg used a part of the premises as a meeting place for its borough council and rented a part of the premises, for which it received an average monthly rental of approximately $130 per month.

8. At the trial counsel for defendant, the Borough of Hamburg, announced that his client had changed its attitude in the present litigation, and now desires him to act in it so as to get back the property in question. Counsel, therefore, did not. oppose a decree of reconveyance to the Borough of Hamburg, and so stated, but did still contend that the Borough of Hamburg should not be mulcted in costs.

9. None of the parties offered any oral testimony.

10. The School District of the Borough of Hamburg and the school directors remain as parties to the record who have continuously and do now oppose a decree that the ordinance and decree are invalid.

### Discussion

From the ordinance, pleadings and admissions, the chancellor gathers that the borough owned a piece of ground 55 feet by 180 feet, with a building on it, which the borough used partly as a meeting place for borough-council and partly as a source of income from rentals that approximated $130 per month. The property, which was worth at least $5,000, adjoined other real estate, which the School District of the Borough of Hamburg owned. The school district could very conveniently use the borough's property for school purposes, and the borough, as it happened, no longer

needed it for its purposes. Under those circumstances the school district asked the borough authorities to convey to it the land and improvements, and the borough authorities, comprising the burgess and the council, adopted an ordinance to do so for $1. Subsequently they fulfilled their ordinance by delivering to the school district a deed of the premises. Certain taxpayers of the borough thereupon instituted the present suit to strike down the transaction. Paragraph 5 of the answer of the School District of Hamburg states that the Borough of Hamburg and the School District of the Borough of Hamburg are geographically coextensive. Although this averment was not offered in evidence by counsel, nor any testimony offered on the point, counsel for plaintiffs have based their argument not so much on the failure of the Borough of Hamburg to receive full value for the property in cash as upon the complete lack of statutory power to enter into and carry out the transaction. Counsel have not argued to the court that the respective territory of the two governmental units, the borough and the school district, are not in fact identical. The court also will take judicial notice of the statutes of Pennsylvania and, therefore, of the creation of the boroughs and school districts within the county of the court's jurisdiction, and of the areas and boundaries of the same. In the present case the Borough of Hamburg and the School District of the Borough of Hamburg occupy identical territory. Henry on Pennsylvania Evidence, vol. 1, chapter 12, §§506, 510 (1953 ed.). It appears that possession of the property in question has not actually been delivered and that the borough still holds the property. The decision, however, is not ruled by the circumstance that possession has not passed. Either the ordinance and deed are valid or they are not. If valid the borough must perform whatever remains to be done by it. If invalid the school district must deed back the property.

The only case cited by either party is from the State of Ohio, Green v. Thomas et al., 37 Ohio App. 489, 175 N. E. 226. In that case the City of Columbus proposed to deed land to the State of Ohio. The State of Ohio had enacted a statute granting power to the City of Columbus to do this. The only question was whether the City of Columbus was receiving adequate consideration. The court held that the benefits to the people of the City of Columbus would greatly exceed the supposed value of the ground to be transferred. The transfer was allowed. The case, while interesting and suggestive, is not helpful in disposing of the present suit, in which no legislative authority has been shown to exist for the questioned transfer.

Plaintiffs contend that if the transfer was a sale, it is invalid under the Borough Code, Acts of July 10, 1947, P. L. 1621, sec. 40; July 19, 1951, P. L. 1026, sec. 1; September 26, 1951, P. L. 1513, sec. 1, 53 PS §13311. This section provides that "no real estate owned by the borough shall be sold for a consideration in excess of five hundred dollars, except to the highest bidder after due notice by advertisement for bids in one newspaper of the county".

Only sales to a municipal authority pursuant to the Municipal Authorities Act are excepted. It is admitted that no bids were advertised for. It is not contended that the mere naming of a nominal consideration of $1 for the transfer would remove the transaction from the operation of the quoted language of the act. The school district contends, however, that the transaction must be regarded as outside the prohibition of the act of assembly, because it was not a sale. The school district thus finds it necessary to contend also that the transaction was not a gift and does so contend. As a sale it would be void because not advertised for bids; as a gift it would be void because no statute has empowered the borough to give away its real estate. That

the transaction occupies an in-between position is argued from the fact that the borough and the school district are coterminous, and that the same territory and residents constitute each. By the transaction, the same human beings, it is contended, simply take something out of a pocket of one corporate suit of clothing and put it in another corporate suit of clothing. The true owners are, it is argued, the people of Hamburg, who could neither sell nor give to themselves what was already theirs. The school district points out that the transfer was one of convenience and subserved the immediate welfare of the people, because in their school district corporate character they could use the asset to better advantage than in their borough corporate character, and lost no asset whatever by the transaction.

The foregoing argument is quite appealing, but has one major weakness, namely: One must still find the grant of power to make the transfer. The borough and the school district are created by and work under statutory enactment; they enjoy the powers granted, and no others. "The powers of a borough and its officials are determined by the legislation which creates and governs them." Czelusniak v. Olyphant Borough et al., 82 D. & C. 290-91. No statute has been discovered, or has been cited by counsel, which would sanction the transaction now under consideration. In the absence of such enactment conveyances of the type presented cannot be considered legal. If this transaction were upheld, it must follow that transfers of both personal and real property of every kind could be constantly executed between whatever subordinate units of government occupy identical territory. The resultant confusion would lead to a general apprehension of the state of public affairs and would weaken the confidence of the people and injure the public welfare in many ways. The chancellor does not impugn the good faith of the

parties or even the wisdom of the proposed transfer. The transaction is void by reason of a want of power under the statute, which cannot be ignored without doing greater harm than good. It is to be hoped that the borough and the school district may, by further investigation, come upon some legal method for accomplishing their proper desire whenever they are in accord upon it. The costs of this suit should obviously be borne by the two units of government in equal shares.

### Conclusions of Law

1. Ordinance No. 289 of the Borough of Hamburg of June 7, 1954, is illegal and void.

2. The deed dated July 7, 1954, recorded in Berks County deed book 1165, at page 121, conveying certain real estate from the Borough of Hamburg to the School District of the Borough of Hamburg, in pursuance of ordinance no. 289 (conclusion of law 1) is illegal and void, and of no effect.

3. The School District of the Borough of Hamburg and the school directors thereof, defendants herein named, shall not in any way alter, change or improve the premises conveyed or attempted to be conveyed by the deed mentioned in conclusion of law no. 2, or expend any money upon it.

4. The Borough of Hamburg and the borough council thereof, defendants named herein, shall not do any further thing pursuant to ordinance no. 289, referred to in conclusion of law no. 1, and shall not deliver possession of the premises conveyed or attempted to be conveyed by the deed referred to in conclusion of law no. 2, to the School District of the Borough of Hamburg.

5. The School District of the Borough of Hamburg and the school directors thereof, herein named defendants, shall procure the execution and delivery of a reconveyance to the Borough of Hamburg of the real

estate conveyed or attempted to be conveyed in the deed referred to in conclusion of law no. 2.

6. The Borough of Hamburg and the School District of the Borough of Hamburg shall pay the costs of this litigation in equal shares.

And now, to wit, May 31, 1955, the prothonotary is directed to enter a decree nisi in accordance with the foregoing decision, and forthwith to give notice thereof to the parties or their counsel of record.